**John KENYON, et al., Plaintiffs,**

**v.**

**Dr. Evelyn GONZALEZ–DEL RIO, et al., Defendants.**

**Civil No. 14–1516 (FAB).**

United States District Court, D. Puerto Rico.

Signed July 17, 2015.

James L. Healy, Joseph F. Sullivan, Steven Brill, Sullivan & Brill, LLP, New York City, NY, Julie A. Soderlund, San Juan, PR, for Plaintiff.

Igor Dominguez–Perez, Igor J. Dominguez Law Office, Eduardo J. Ortiz–Declet, Gonzalez Villamil Law Office, Jeannette M. Lopez, Mapfre Praico Insurance Company, Benjamin Morales–Del–Valle, Morales Morales Law Offices, Nidia I. Teissonniere, San Juan, PR, Jose H. Vivas, Vivas & Vivas, Ponce, PR, for Defendant.

### MEMORANDUM AND ORDER [1]

BESOSA, District Judge.

Before the Court is a motion for partial summary judgment filed by defendants Dr. Ricardo Cedeño–Rivera ("Dr. Cedeño") and his conjugal partnership. (Docket No. 73.) Co-defendants Dailyn Acevedo (Dr. Cedeño's wife) and SIMED (Dr. Cedeño's insurer) join the motion. *See* Docket Nos. 118–119, 122–123. Defendants argue that the claims against them are time-barred as to plaintiffs John Kenyon, Rhea Kenyon, and their conjugal partnership. (Docket No. 73.) Plaintiffs oppose. (Docket No. 93.) For the reasons discussed below, the motion for partial summary judgment is **DENIED.**

### I. BACKGROUND

On September 7, 2011, plaintiffs brought suit in Civil Case No. 11–1883 (FAB–MEL) based on the same facts and injuries alleged in this case. *See* Civil No. 11–1883, Docket No. 1. The Puerto Rico law claims in that case were dismissed without prejudice on January 17, 2013 (as to defendants Dr. Cedeño and his conjugal partnership), on February 27, 2013 (as to Dr. Cedeño's wife), and on June 28, 2013 (as to the remaining defendants, including Hospital San Antonio). *See* Civil No. 11–1883, Docket Nos. 126, 136, 152.

One year later, on June 27, 2014, plaintiffs filed this suit in diversity seeking compensatory damages for plaintiffs' injuries they sustained as a result of defendants' alleged medical malpractice. (Docket No. 1.)

### II. LEGAL STANDARD

The Court may grant a motion for summary judgment only if "there is no genuine dispute as to any material fact" and the moving party "is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes

1. Rachel L. Hampton, a second-year student at the University of Michigan Law School, assisted in the preparation of this Memorandum and Order.

demonstrate the absence of a genuine [dispute] of material fact." *Sensing v. Outback Steakhouse of Florida, LLC*, 575 F.3d 145, 152 (1st Cir.2009) (quoting *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997)). Once the moving party has done so, the nonmoving party then bears the burden of pointing to specific facts that demonstrate a genuine dispute. *Id.* That is, the nonmovant cannot rest upon mere allegations and instead must go beyond the pleadings. *Id.*

■ When prescription is raised as an affirmative defense, "the burden of proving that prescription has been interrupted shifts to the plaintiff." *Rodriguez v. Suzuki Motor Corp.*, 570 F.3d 402, 406 (1st Cir.2009) (quoting *Tokyo Marine & Fire Ins. Co. v. Perez & Cia., De P.R., Inc.*, 142 F.3d 1, 4 (1st Cir.1998)).

### III. DISCUSSION

■ Pursuant to Puerto Rico law, "the filing of a judicial action tolls the statute of limitations and, if the action is dismissed *without prejudice*, the limitations period is reset and starts to run again from that date." *Rodriguez*, 570 F.3d at 408. The parties here agree that the statute of limitations period for plaintiffs' action is one year.[2] *See* Docket No. 73 at p. 6; Docket No. 93 at p. 9.

The moving defendants contend that because the claims in Civil Case No. 11–1883 (FAB–MEL) were dismissed without prejudice on January 17, 2013 (as to defendants Dr. Cedeño and his conjugal partnership) and on February 27, 2013 (as to Dr. Cedeño's wife), plaintiffs had one year from those dates to refile their claims. (Docket No. 73 at p. 2.) Because plaintiffs waited until June 27, 2014, the moving

defendants argue that the claims are time-barred as to them. *Id.*

■ Plaintiffs respond by asserting that the "solidarity doctrine" rescues their claims. (Docket No. 93 at pp. 9–14.) In Puerto Rico, the solidarity doctrine "is based on the theory that there is one obligation, shared by several debtors." *Rodriguez*, 570 F.3d at 410 (quoting *Tokyo Marine*, 142 F.3d at 6). In 2012, the Puerto Rico Supreme Court has adopted a bifurcated system of solidarity, however, differentiating between "imperfect" and "perfect" solidarity. *See Fraguada Bonilla v. Hosp. Auxilio Mutuo*, 186 P.R. Dec. 365, 2012 WL 3655336 (Aug. 13, 2012).

■ Relevant here, "perfect" solidarity occurs when several people are joined by a common interest and have frequent relations or know each other. *Ramirez–Ortiz v. Corporacion Del Centro Cardiovascular De P.R. y Del Caribe*, 994 F.Supp.2d 218, 223 (D.P.R.2014) (Besosa, J.). In medical malpractice cases, a hospital and a physician are in perfect solidarity "when the physician is an employee of the hospital," or "when a patient seeks treatment directly from a hospital and the hospital provides the physician who provides the treatment." *See id.* at 224–25. When perfect solidarity exists, "interruptive acts *do not* operate individually and prescription with regard to one of the defendants does indeed reach the other." *Id.*

Plaintiffs contend that their complaint, filed on June 27, 2014, was timely because the statute of limitations on the claims against Dr. Cedeño was tolled until June 28, 2014, a year from when the claims against Hospital San Antonio were dis-

---

**2.** In Puerto Rico, the statute of limitations for an action brought pursuant to article 1802 of the Civil Code, P.R. Laws Ann. tit. 31, § 5141, is one year from the time the aggrieved party has knowledge of his injury and who or what caused it. P.R. Laws Ann. tit. 31, § 5298(2); *Rodriguez*, 570 F.3d at 406.

missed. (Docket No. 93 at p. 12.) In arguing so, they rely on a theory of perfect solidarity between Dr. Cedeño and Hospital San Antonio. *Id.* Plaintiffs support this theory by alleging that minor plaintiff CAK went to Hospital San Antonio's emergency room on August 14, 2010, and was treated by Dr. Cedeño, who was an employee of Hospital San Antonio. (Docket No. 93–1 at p. 3; Docket No. 1 at ¶ 32.) Plaintiffs allege this was the first time they ever had contact with Dr. Cedeño. (Docket No. 1 at ¶ 33.)

On December 24, 2014, Dr. Cedeño filed his answer to the complaint (Docket No. 94), which although filed untimely, the Court accepted, *see* Docket No. 97. This filing was after plaintiffs had opposed Dr. Cedeño's motion for partial summary judgment (Docket No. 93). In his answer, Dr. Cedeño "denie[s] as drafted"[3] plaintiffs' allegation that Dr. Cedeño was an employee of Hospital San Antonio and that he evaluated CAK on August 14, 2010. (Docket No. 94 at ¶¶ 31–32.) Dr. Cedeño additionally denies plaintiffs' allegation that he did not have prior contact with plaintiffs. *Id.* at ¶ 33. Given these denials, a genuine dispute exist as to whether Dr. Cedeño was an employee of the hospital and as to whether the hospital assigned him to treat CAK on August 14, 2010.

The Court finds that these factual disputes render summary judgment inappropriate at this time and therefore **DENIES WITHOUT PREJUDICE** defendants' motion.

### IV. CONCLUSION

For the reasons explained above, the Court **DENIES WITHOUT PREJUDICE** defendants' motion for partial summary judgment, (Docket No. 73).

**IT IS SO ORDERED.**

---

3. The Court considers a denial "as drafted" as a denial. A party may deny an allegation, or part of it, or may deny an allegation for lack of knowledge or information sufficient to form a belief about the truth of an allegation. Fed.R.Civ.P. 8(b). A denial of an allegation "as drafted" is not a proper denial.